IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VASILY TROFIMCHUK, | Case No. 21-cv-07003-CRB |
| Appellant, | |
| v. | **ORDER AFFIRMING BANKRUPTCY COURT** |
| BITCLAVE PTE, LTD., | |
| Appellee. | |

Appellant Vasily Trofimchuk ("Trofimchuk") appeals U.S. Bankruptcy Judge M. Elaine Hammond's order granting summary judgment to Appellee BitClave on BitClave's non-dischargeability claim of fraud.  See Appellant Br. (dkt. 4).  Trofimchuk argues that the bankruptcy court erred by applying issue preclusion in ruling on the motion.  Id.; Appellant Reply Br. (dkt. 8).  Because issue preclusion was appropriate under these circumstances, the Court AFFIRMS the bankruptcy court.

I.      BACKGROUND

     A.      Santa Clara Superior Court

     In May 2018, BitClave brought suit in Santa Clara Superior Court against Trofimchuk, Pavel Trofimchuk (Trofimchuk's brother), Astra Inc. d/b/a Astra Studio, and Astra Studio.  See MSJ Order (dkt. 5-2) at 43.[1]  It filed an amended complaint ("FAC") in November 2018, for declaratory relief, conversion, breach of fiduciary duty, unfair competition, and fraud.  See FAC (dkt. 5) at 119–32.  The premise of the FAC was that, though Trofimchuk was one of BitClave's two shareholders—along with BitClave's CEO, Alex Bessonov—he undertook a number of

---

[1] Citations to record cites, as opposed to briefs, are to the e-filing page numbers and not the documents' internal page numbers.

United States District Court
Northern District of California

United States District Court
Northern District of California

1   actions that harmed BitClave.  Id.  These included "depositing substantial amounts of the BitClave

2   Assets into accounts under his personal name," id. ¶ 11, refusing to return BitClave Assets until

3   his demands were met, id. ¶ 13, using BitClave's cryptocurrency and U.S currency to enter into

4   more than 200 transactions totaling about $7.5 million, including the transfer of millions of dollars

5   to his brother in Russia and to the Astra entities, which he owns and operates, id. ¶¶ 24, 80

6   (Trofimchuk is the CEO of Astra), and wrongfully keeping money sent to Astra, id. ¶ 27.

7        The FAC further alleged that the Astra entities handled BitClave's payroll, and that on

8   February 8, 2018, Trofimchuk told BitClave that he needed a written contract to memorialize the

9   companies' course of dealing for his personal immigration purposes.  Id. ¶¶ 35, 36.  Trofimchuk

10  presented Bessonov with a Software Development Agreement.  Id. at 36.  "Based on

11  [Trofimchuk's representations], Bessonov reasonably believed that the terms of the Agreement

12  were a mere restatement of the established course of dealing between BitClave and Astra Inc.,"

13  but that was untrue.  Id.  Trofimchuk allegedly used the Agreement to "channel[] millions of

14  dollars to the Astra entities."  Id. ¶ 38.  The FAC's fraud cause of action, brought against Astra

15  Inc., was based on Trofimchuk's February 8 representations, which "induce[d] Bessonov to sign a

16  written agreement that did not reflect the parties' course of dealing."  Id. ¶¶ 80, 81.  The FAC

17  alleged that Bessonov relied on Trofimchuk's representations, and that if Bessonov had known the

18  truth, he would not have signed the Agreement.  Id. ¶ 81.

19       A trial took place, and the jury returned a verdict against the defendants.  See Jury Verdict

20  (dkt. 5) at 169–86.  As to the fraud cause of action, the jury found that Astra made a false

21  representation of fact to BitClave, knowing that the representation was false or without regard for

22  its truth, that Astra intended that BitClave would rely on the representation, that BitClave relied on

23  the representation, that BitClave's reliance on Astra's representation was a substantial factor in

24  causing harm to BitClave, that BitClave's damages were $2.5 million, and that Astra acted with

25  malice, oppression, or fraud.  Id. at 176–77.  The jury was not asked to specify the representation

26  at the heart of the fraud cause of action, or who made it, and it did not do so.  Id.  On January 31,

27  2020, the court entered judgment consistent with the jury's verdict; on the fraud cause of action, it

28  entered judgment in favor of BitClave and against Astra, awarding BitClave $2.5 million.  See

Judgment (dkt. 5) at 189.

**B.      Bankruptcy Court**

On March 16, 2020, Trofimchuk filed a Chapter 13 Bankruptcy case.  Bankruptcy docket (dkt. 5) at 5–12.  Trofimchuk then converted his bankruptcy case to one under Chapter 7.  Id.  On February 26, 2021, Trofimchuk received a discharge in his underlying Chapter 7 case.  Id.

On May 14, 2020, BitClave filed an adversary proceeding against Trofimchuk in the bankruptcy court, alleging non-dischargeability of BitClave's debts pursuant to 11 U.S.C. § 523.[2] Id.  On August 6, 2020, BitClave filed an Amended Complaint for Denial of Dischargeability, alleging (1) conversion, pursuant to 11 U.S.C. § 523(a)(4) and/or 523(a)(6), (2) breach of fiduciary duty, pursuant to 11 U.S.C. § 523(a)(4) and/or 523(a)(6), and (3) fraud, pursuant to 11 U.S.C. § 523(a)(2).  See Amended Complaint in Bk. Ct. (dkt. 5) at 17–24.  The fraud cause of action repeated the allegations from the Santa Clara Superior Court case, that "[o]n or about February 8, 2017,[3] Debtor, as the CEO of Astra, represented to Bessonov, the CEO of BitClave, that the reason he needed BitClave to sign the Software Agreement was to memorialize the parties' existing course of dealing for Debtor's personal immigration purposes."  Id. at 23.  BitClave further alleged that Trofimchuk knowingly "falsely represented the terms of the Software Agreement to induce" BitClave to sign it, that BitClave reasonably relied on the misrepresentations, and that had Bessonov known the truth, he would not have signed.  Id. BitClave concluded that "the entirety of the damages awarded in the Judgment should be deemed a debt of Debtor non-dischargeable within the meaning of 11 U.S.C. § 523(a)(6)."  Id.

After the bankruptcy court dismissed the claim for breach of fiduciary duty, see Order

---

[2] 11 U.S.C. § 523 provides in part:
"A discharge under [various sections] of this title does not discharge an individual debtor from any debt . . .
(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by– (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition. . .
(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .
(6) for willful and malicious injury by the debtor to another entity or to the property of another entity."
[3] The Court notes that the FAC in state court alleged that this representation occurred on February 8, 2018.  See FAC (dkt. 5) at 125 (¶ 36); but see id. at 130 (¶ 80) ("On or about Feb. 8, 208, 2017").  The parties do not address this discrepancy in their briefing.

1  Granting in Part and Denying in Part Defendant's Motion to Dismiss (dkt. 5) at 94—95, BitClave

2  moved for summary judgment, see MSJ (dkt. 5) at 103–10.  It argued that "Debtor had his day in

3  court, was found to have damaged BitClave to the tune of millions of dollars," and so BitClave

4  was "entitled to summary judgment based on issue preclusion."  Id. at 110.  BitClave

5  acknowledged that "[t]he only (slight) difference with the fraud cause of action is that it was

6  rendered against Astra rather than the Debtor himself."  Id. at 108.  But it reasoned that the

7  judgment against Astra should apply to Trofimchuk because "all the false representations giving

8  rise to the fraud portion of the Judgment were made by Debtor on behalf of Astra and Debtor was

9  and is the majority shareholder and principal officer of Astra."  Id.

10  　　　　Following a hearing on March 22, 2021, see MSJ Hearing Tr. (dkt. 5-2) at 13–34, the

11  bankruptcy court granted summary judgment for BitClave on the larceny and fraud claims, see

12  Order Granting MSJ (dkt. 5-2) at 42–53.  As to the fraud claim, the court reviewed the jury's

13  findings on fraud.  Id. at 50.  It noted that to satisfy 11 U.S.C. § 523(a)(2)(A), one must

14  demonstrate that:

15  　　　　　　(1) the debtor made the representations; (2) at the time he knew they
　　　　　　were false; (3) he made them, with the intention and purpose of
16  　　　　　　deceiving the creditor; (4) the creditor relied on such representations;
　　　　　　and (5) the creditor sustained alleged loss and damage as the
17  　　　　　　proximate result of such representations.

18  Id. (citing In re Diamond, 285 F.3d 822, 827 (9th Cir. 2002).  The court held that the elements of

19  fraud under California law "match" the elements of § 523(a)(2)(A).  Id. (citing Younie v. Gonya

20  (In re Younie), 211 B.R. 367, 373–74 (9th Cir. BAP 1997)).  The bankruptcy court then concluded

21  that Trofimchuk was in privity with Astra given his role in the case and at Astra.  Id. at 51–52.

22  Accordingly, the court concluded that "the $2.5 million portion of the Judgment based on fraud by

23  Astra is excluded from Trofimchuk's discharge pursuant to § 523(a)(2)(A)."  Id. at 52.  The

24  bankruptcy court later vacated the portion of its order pertaining to the larceny claim.  See Order

25  Partially Vacating Order Granting Partial Summary Judgment (dkt. 5-2) at 147–48.

26  　　　**C.**　　　**This Appeal**

27  　　　　Trofimchuk appeals the bankruptcy court's ruling.  See generally Appellant Br.  He

28

4

1   identifies the issues for review as: (1) whether the bankruptcy court erred in granting summary

2   judgment in favor of BitClave and (2) whether the bankruptcy court properly applied issue

3   preclusion.  Id. at 7.

4   **II.     LEGAL STANDARD**

5          The district court, in reviewing a bankruptcy court decision on appeal, applies a "clearly

6   erroneous" standard to the bankruptcy court's findings of fact, and reviews that court's

7   conclusions of law de novo.  Robertson v. Peters (In re Weisman), 5 F.3d 417, 419 (9th Cir.

8   1993); Briggs v. Kent (In Re Professional Investment Properties of Am.), 955 F.2d 623, 626 (9th

9   Cir. 1992), cert. denied, 506 U.S. 818 (1992).  Mixed questions of law and fact are reviewed de

10  novo.  Hamada v. Far E. Nat'l Bank (In Re Hamada), 291 F.3d 645, 649 (9th Cir. 2002).

11  **III.    DISCUSSION**

12         The bankruptcy court concluded that the fraud verdict against Astra satisfied the

13  requirements for issue preclusion as to BitClave's 11 U.S.C. § 523(a)(2)(A) fraud claim against

14  Trofimchuk.  Order Granting MSJ (dkt. 5-2) at 42–53.  Issue preclusion can apply in bankruptcy

15  discharge proceedings.  See Muegler v. Bening, 413 F.3d 980, 984 (9th Cir. 2005) (finding of

16  fraud in previous action between same parties sufficient for non-discharge based on issue

17  preclusion).  Indeed, Trofimchuk concedes this point.  Appellant Br. at 16 (citing Grogan v.

18  Garner, 498 U.S. 279, 284–85 n.11 (1991)); Appellant Reply Br. at 3.  What Trofimchuk disputes

19  is that issue preclusion was appropriate here.  Appellant Br. at 17.[4]

20         Under the Full Faith and Credit Act, 28 U.S.C. § 1738, "[t]he preclusive effect of a state

21  court judgment in a subsequent federal lawsuit" is determined by the preclusion law in the state

22  where the judgment was issued.  See In re Nourbakhsh, 67 F.3d at 800.  This Court must therefore

23

24  _____

    [4] Trofimchuk also makes a fleeting argument in his brief's Introduction—but not later in his
25  brief—that BitClave "failed to file a proper motion as was required by the Federal Rules of
    Bankruptcy, and the local rules of Bankruptcy."  Appellant Br. at 5.  He made this same argument
26  before the bankruptcy court.  See Opp'n to MSJ (dkt. 5) at 204–05 (complaining that BitClave
    failed to file a separate motion paper in addition to a memorandum of points and authorities).
27  BitClave responded before the bankruptcy court that "[t]his was due to a very minor clerical error
    which has been corrected" by an errata, and also that the issue was a "trifle."  See Reply re MSJ
28  (dkt. 5-2) at 7.  To the extent Trofimchuk continues to press this issue, the Court rejects it as a
    basis for overturning summary judgment.

United States District Court
Northern District of California

apply California's preclusion law.  Under California law, issue preclusion prevents a party from relitigating a previously decided issue in a second suit if (1) the issue sought to be precluded from re-litigation is identical to that decided in a former proceeding; (2) the issue was actually litigated; (3) the issue was necessarily decided; (4) the decision in the former proceeding was final and on the merits; and (5) the party against whom preclusion is sought was the same party as, or was in privity with, the party in the former proceeding.  <u>In re Harmon</u>, 250 F.3d 1240, 1245 (9th Cir. 2001).  At issue here are the first and last elements: (A) whether the fraud claim in the adversary proceeding is the same fraud claim the jury decided in state court; and (B) whether Trofimchuk was in privity with Astra.  The burden as to each is on BitClave.  <u>See</u> <u>In re Zuckerman</u>, 613 B.R. 707, 713 (9th Cir. BAP 2020) ("The party asserting issue preclusion bears the burden of proving all the requisites for its application.").

### A.      Whether the Issues are Identical

As to identity of issues, there is no dispute that the legal issue in the adversary proceeding and the state court verdict is the same: fraud.  The bankruptcy court held, and Trofimchuk agrees, that the elements required under 11 U.S.C. § 523(a)(2)(A) mirror the elements of fraud under California law.  <u>See</u> Order Granting MSJ (dkt. 5-2) at 50 (citing <u>In re Younie</u>, 211 B.R. at 373–74); Appellant Br. at 17.  Trofimchuk argues, though, that "the <u>factual</u> issues presented in the adversary proceeding . . . do not mirror those that the jury decided," because "the jury did not state the facts that it did decide."  Appellant Br. at 17 (emphasis added).  He continues: "The jury did not state how Astra, Inc., or anyone associated with Astra, Inc., including [Trofimchuk], attempted to induce [BitClave]" or "how [BitClave] relied on any particular representation" from anyone at Astra.  <u>Id.</u>; <u>see also</u> Appellant Reply Br. at 3 (arguing that there was "no determination as to what the false representation was" or "who from Astra, Inc. made the representation.").

While Trofimchuk is correct that the jury did not identify the specific representation that supported its verdict on the fraud cause of action, <u>see</u> Jury Verdict (dkt. 5) at 176–77, it did not have to do so.  BitClave demonstrated to the bankruptcy court that the jury's verdict was based on representations by Trofimchuk.  <u>See, e.g.</u>, Bessonov Decl. i/s/o MSJ (dkt. 5) at 114 ¶ 2 ("the fraud claim asserted by BitClave in the Underlying Case was based on representations by Debtor that he

United States District Court
Northern District of California

1  needed me to immediately sign on behalf of BitClave a software development agreement between

2  Astra and BitClave in order to maintain Debtor's immigration status in the United States. . . . The

3  false representations made by Debtor on behalf of Astra were also the basis of the jury verdict for

4  fraud. . . ."); Dixon Decl. i/s/o MSJ (dkt. 5) Ex. C (trial transcript of Trofimchuk testimony) at 148

5  (Trofimchuk testifying that on February 8th,[5] he asked Bessonov to "formalize our relations . . .

6  because I needed a document because of my immigration attorney request" and that Bessonov then

7  signed the agreement).  Trofimchuk seems to have made no real effort to challenge that showing

8  before the bankruptcy court.  Rather, he asserted that the jury's verdict did not explicitly identify

9  the representation, he "denie[d]" that he made "representations regarding a signature that

10 Defendant allegedly needed in order to maintain his immigration status," and he "denie[d] any

11 fraudulent representation made to Plaintiff or any employee or agent of Plaintiff."  Opp'n to MSJ

12 (dkt. 5) at 211; see also Trofimchuk Decl. i/o/t MSJ (dkt. 5-1) at 62 ("I dispute that I engaged in

13 any fraudulent behavior towards Bessonov or BitClave. . . . I also dispute that the contract

14 between Astra, Inc. and BitClave was based on any misrepresentation.").  But Trofimchuk

15 identified for the bankruptcy court no other representations that could have supported the fraud

16 claim, and no one else who dealt with or made representations to BitClave on behalf of Astra.  See

17 generally id.; see also Appellant Reply Br. at 3 (arguing only: "There was no finding of who from

18 Astra, Inc. made the representation.").  Moreover, his assertion that the jury essentially got it

19 wrong does not create a dispute of fact—lest no jury verdict would ever have preclusive effect.

20         The bankruptcy court properly concluded that "[t]he allegations of fraud against Astra are

21 based on Trofimchuk's acts in preparing the 2018 Software Development Agreement and his

22 representations to BitClave's president regarding signing of the agreement."  Order on MSJ (dkt.

23 5-2) at 52.  This is particularly so because express findings of fraud are not required for preclusive

24 effect if an issue was necessarily decided in the prior proceeding.  See In re Cantrell, 329 F.3d

25 1119, 1124 (9th Cir. 2003) (citing Harmon v. Kobrin (In re Harmon), 250 F.3d 1240, 1245 (9th

26 Cir. 2001)).  Based on the record before this Court, the jury in state court necessarily decided that

27

28 [5] This testimony reflects a date of February 8, 2008, which differs again from either 2017 or 2018.
   Id.  Again, neither party addresses this discrepancy in the briefing.

Trofimchuk's representations to BitClave were fraudulent.  Accordingly, the issue sought to be precluded from re-litigation in the adversary proceeding—whether Trofimchuk committed fraud—is identical to that decided in the state court.[6]

The bankruptcy court correctly held that BitClave met the first element for issue preclusion.

### B.      Whether There is Privity

As to privity, although the state court verdict was against Astra, not Trofimchuk, see Jury Verdict (dkt. 5) at 176–77, it is clear that Trofimchuk was in privity with Astra.

Trofimchuk concedes that he "was the majority shareholder of Astra, Inc.," but he argues that "he was not the same entity as Astra, Inc.," and "had different interests, as he was not personally named as a party to the fraud claim."  Appellant Br. at 17.  He does not articulate what those different interests were.  Presumably, as the "owner of Astra," see Dixon Decl. i/s/o MSJ (dkt. 5) Ex. C (trial transcript of Trofimchuk testimony) at 151; see also id. at 150 (Trofimchuk owned 60% of shares in Astra, Inc.; his brother, Pavel, owned 40%); Bessonov Decl. i/s/o MSJ (dkt. 5) at 114 ¶ 2 (Trofimchuk "advised me that he was the principal and majority shareholder of Astra, and he so admitted at the trial in the Underlying Case," also "advised me prior to trial . . . that he owned sixty percent . . . which he repeated in his testimony at the trial. . . ."), Trofimchuk would not want to see Astra found guilty of fraud and ordered to pay $2.5 million.  See In re Gottheiner, 703 F.2d 1136, 1139–40 (9th Cir. 1983) ("When a person owns most or all of the shares in a corporation and controls the affairs of the corporation, it is presumed that in any litigation involving that corporation the individual has sufficient commonality of interest.").  In addition, Trofimchuk participated in the state court trial, see Jury Verdict (dkt. 5) at 170–71 (finding Trofimchuk guilty of conversion, causing damages to BitClave of $5.1 million), and already had a strong motive to deny wrongdoing in that proceeding.  See Gottlieb v. Kest, 141 Cal. App. 4th 110, 151–52 (2006) ("When the corporation is the party to the litigation, a controlling

---

[6] Also, as the bankruptcy court held, and as no party here disputes, "a jury trial was held, jury verdicts were issued, and Judgment was entered.  Thus, the claim was actually litigated and necessarily decided in the state court litigation.  The Judgment is final and on the merits."  Order Granting MSJ (dkt. 5-2) at 51.

1   owner who participated in the conduct of the litigation ordinarily has full opportunity and

2   adequate incentive to litigate issues commonly affecting him and the corporation.") (quoting

3   Rest.2d Judgments, § 59, com. e, pp. 99–100) (emphasis in original).

4        Moreover, as the bankruptcy court observed, "Trofimchuk's actions and representations

5   were directly related to the subject matter of the fraud claim." Order Granting MSJ (dkt. 5-2) at

6   52. "Directors and officers of a corporation are not rendered personally liable for its torts merely

7   because of their official positions, but may become liable if they directly ordered, authorized or

8   participated in the tortious conduct." Wyatt v. Union Mortgage Co., 24 Cal. 3d 773, 785 (1979);

9   see also Filet Menu, Inc. v. C.C.L. & G., Inc., 79 Cal. App. 4th 852, 866 (2000) (recognizing that

10  "personal liability may attach to" shareholders "through application of the 'alter ego' doctrine . . .

11  or when the shareholder specifically directed or authorized the wrongful act.") (emphasis in

12  original). The record demonstrated that Trofimchuk was the one who misrepresented the Software

13  Development Agreement to Bessonov. See Bessonov Decl. i/s/o MSJ (dkt. 5) at 114 ¶ 2; Dixon

14  Decl. i/s/o MSJ (dkt. 5) Ex. C (trial transcript of Trofimchuk testimony) at 148. He was therefore

15  in privity with Astra. See Global Indus. Inv. Ltd. v. Chung, No. 19-cv-07670-LHK, 2020 WL

16  5355968, at *7 (N.D. Cal. Sept. 7, 2020) ("The arbitration adjudicated whether the [general

17  partners]—acting under Chung alone—breached fiduciary duties owed to Plaintiff. The FAC now

18  alleges that Chung, rather than the [general partners], breached essentially identical fiduciary

19  duties. Thus, Chung and the [general partners] are in privity.").

20       The bankruptcy court correctly held that BitClave met the last element for issue preclusion.

21  **IV.    CONCLUSION**

22       For the foregoing reasons, the bankruptcy court properly applied issue preclusion and

23  granted summary judgment for BitClave on the fraud claim. This Court AFFIRMS the bankruptcy

24  court.

25       **IT IS SO ORDERED.**

26       Dated: February 8 , 2022

27       CHARLES R. BREYER
    United States District Judge

28

United States District Court
Northern District of California